UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **DAVID LUNN** <br> **LA. DOC #131501** | **CIVIL ACTION NO. 2:11-cv-1479** <br> **SECTION P** |
| **VERSUS** | **JUDGE WALTER** |
| **WARDEN, DIXON** <br> **CORRECTIONAL INSTITUTE** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

On August 12, 2011, *pro se* petitioner David Lunn filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections.  He is incarcerated at Dixon Correctional Center in Jackson, Louisiana.

Petitioner attacks his 2003 conviction for indecent behavior with a juvenile and aggravated battery and the thirty-seven year sentence imposed by Louisiana's Fourteenth Judicial District Court, Calcasieu Parish.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

*Background*

On January 24, 2003, petitioner pled guilty to charges of indecent behavior with a juvenile and aggravated burglary.  On March 14, 2003, he was sentenced to consecutive prison

sentences of thirty years and seven years. Doc. 1, att. 2, p. 44. He did not appeal his conviction and sentence.

Petitioner filed an application for post-conviction relief in the Fourteenth Judicial District Court. Doc. 1, att. 2, pp. 5-26. The exact date of filing is unknown as petitioner only put the year 2004 on his application. *Id.* The application for post-conviction relief was apparently denied as petitioner filed a writ of review with the Third Circuit Court of Appeal on May 25, 2005. On June 24, 2005, the Third Circuit granted petitioner's application for review and remanded the matter to the trial court for a *Boykin* hearing to determine whether there was a sufficient factual basis for the plea of guilty of indecent behavior with a juvenile and whether the plea was free and voluntary. In its order, the Third Circuit stated that the trial court's failure to inform petitioner of the sex offender registration requirements did not affect the validity of his guilty plea and could be corrected by providing written notice to him. Doc. 1, att. 2, p. 49.

An evidentiary hearing was held in the Fourteenth Judicial District Court on August 19, 2005. Doc. 1, att. 2, p. 48. On March 9, 2006, the Third Circuit ordered the trial court to provide petitioner with a copy of the evidentiary hearing transcript in order to determine the validity of his pending writ. Petitioner was instructed to provide the Third Circuit with a copy of the transcript after his receipt of same. *Id.*

On May 19, 2006, the Third Circuit dismissed petitioner's writ. Doc. 1, att. 2, p. 47. The court noted that although the transcript of the August 19, 2005 hearing was received at petitioner's then place of incarceration, Angola State Penitentiary, on April 26, 2006, he did not comply with the court's order to provide it with a copy of the transcript within ten days of receipt. *Id.*

Petitioner then filed an application with the Louisiana Supreme Court seeking review of the Third Circuit's dismissal of his application for post conviction relief. On March 14, 2008, the Louisiana Supreme Court denied his application. Doc. 1, att. 2, p. 4.

On August 12, 2009, petitioner again filed a writ application in the Third Circuit seeking the same relief requested in his previously dismissed application. On November 16, 2009, the Third Circuit refused to consider his writ application noting that the court's dismissal of his prior application was a final judgment. Doc. 1, att. 2, p. 3.

Petitioner filed the instant petition for *habeas corpus* on August 12, 2012. He argues that he was wrongfully charged and convicted, that the district attorney and the court used illegal tactics to scare him into agreeing to the plea bargain, that his counsel was ineffective, that his sentence was excessive, that he should have been given concurrent sentences, that his right to a fair trial was violated, and that his right against self-incrimination was violated. He also argues that he did not exhaust his claims or file the current petition timely due to ineffective assistance of counsel.

*Law and Analysis*

1. ***Timeliness under § 2244(d)(1)(A)***

This petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 1999); *In re Smith*, 142 F.3d 832, 834 (1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Title 28 U.S.C. § 2244(d)(1)(A) was amended by AEDPA to provide a one year statute of limitations for the filing of an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d at 469 (citing *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998)). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by . . . the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). Petitioner was sentenced on March 14, 2003. Under the provisions of Louisiana Code of Criminal Procedure article 914, petitioner had a period of 30 days within which to file a motion for appeal[1] or, until on or about April 14, 2003. Pursuant to the provisions of 28 U.S.C. § 2244(d)(1) he had one year, or until on or about April 14, 2004. to file his federal habeas petition.

Petitioner filed an application for post-conviction relief in the Fourteenth Judicial District Court in 2004 but the exact date is not given. The documentation provided by petitioner indicates that his post-conviction relief remained pending until the Louisiana Supreme denied his application on March 14, 2008. On August 12, 2009, petitioner again filed a writ application in the Third Circuit seeking the same relief requested in his previously dismissed application. On

---

[2] La. C.Cr.P. art. 914(B)(1) provides, "[t]he motion for an appeal must be made no later than … [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

November 16, 2009, the Third Circuit refused to consider his writ application noting that the court's dismissal of his prior application was a final judgment.

The tolling provisions of § 2244(d)(2) provide "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  Here petitioner waited at least eight months from the date that his judgment of conviction became final to file his application for post-conviction relief.  That eight month lapse of time before filing his application for post-conviction relief in state court is counted against the one-year limitation period.

Petitioner was able to toll the limitations period from January 2004 (earliest 2004 date in which he could have filed the post-conviction relief application) until the Louisiana Supreme Court's March 2008 denial of his application.  Petitioner did not file the instant petition for *habeas corpus* until August 12, 2011, almost three and a half years after the conclusion of post-conviction relief review.  Even giving petitioner the benefit of tolling the limitations period until November 16, 2009, the date that the Third Circuit refused to consider his second writ application, the instant petition for habeas corpus would still be time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A).

    *2. Equitable Tolling*

The one-year limitation period is subject to equitable tolling, but only in "rare and exceptional" cases.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991).

The circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

Further, equitable tolling should only be applied if the applicant diligently pursues § 2244 relief. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Phillips v. Donnelly*. Here, petitioner allowed years to elapse from the time that his conviction was final and the date he filed his federal suit. Equitable tolling does not apply.

Therefore,

**IT IS RECOMMENDED** that this petition for habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 25th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE